IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-15-1H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| DAVIN LAMONT SMITH, | ) | |
|     Defendant. | ) | |

This matter is before the court on the following motions filed by Defendant Davin Lamont Smith ("Smith") on October 17, 2017:

    1.    Motion for Production of Rule 404(b) Evidence [DE #53];

    2.    Motion for Favorable Evidence (Brady Motion) [DE #54];

    3.    Motion for Disclosure of Witness Statements (Jencks Act Motion) [DE #55];

    4.    Motion for Order to Preserve Rough Notes & Disclosure for Inspection and Copying [DE #56]

    5.    Motion for Statements of Indicted and Unindicted Co-Conspirators [DE #57];

    6.    Motion to Exclude Witnesses & for Disclosure of Prior Communications with Witnesses [DE #58];

    7.    Motion for Production of Law Enforcement Interview Reports on Notes with Individuals Who Will Not Be Witnesses at Trial [DE #59];

    8.    Motion to Compel Early Production of Grand Jury Testimony [DE #60];

9. Motion to Compel Immediate Disclosure or Existence of Promise of Immunity, Leniency or Preferential Treatment & for Disclosure of Impeaching Information [DE #61]

10. Motion for Release of Perjured Information to Grand Jury [DE #62];

The government has responded to Defendant's motions, and the time for further filings has expired. The motions were referred to the undersigned for decision by Senior United States District Judge Malcolm J. Howard.

## BACKGROUND

On March 22, 2017, Smith was named in a six-count superseding indictment charging him with: (1) conspiracy to manufacture, distribute, or possess with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (count one); (2) four counts of distributing or possessing with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (counts two through five); and (3) possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (count six). The government has provided notice that it intends to seek enhanced penalties pursuant to 21 U.S.C. § 841(b) due to Smith's prior conviction of a felony drug offense, and Smith's arraignment is scheduled for December 4, 2017.  Presently before the court are a number of pretrial motions filed by Smith.

## DISCUSSION

I. Discovery Motions [DE ##53, 54, 55, 56, 57, 59 & 61]

A number of the motions filed by Smith seek to compel discovery from the government. Prior to filing such a motion, counsel is required, pursuant to this court's Local Criminal Rules, to make a request for discovery and to confer with opposing

counsel in good faith to resolve any discovery disputes. *See* Local Crim. R. 16.1 (E.D.N.C Dec. 2017). A motion seeking discovery must state "that a request for discovery and inspection was made and denied" and certify that counsel "have conferred and made a good faith effort to resolve discovery disputes prior to the filing of any discovery motion[]." *Id.*; *see also* Local Crim. R. 12.2 (requiring a "statement that agreement could not be reached concerning the discovery or inspection that is the subject of the motion and the reasons given for the same"). Smith's discovery motions do not demonstrate that counsel has complied with this court's Local Criminal Rules and are, therefore, subject to dismissal on that ground.

Moreover, the court determines that all of Smith's motions seeking to compel discovery should be denied at this time. In its response to Smith's motion, the government states that it is aware of its obligations to provide discovery to Smith, including its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and the Jencks Act, 18 U.S.C. § 3500. The government contends it "has met its discovery obligations thus far and will meet its continuing duty to disclose pursuant to Federal Rule of Criminal Procedure 16(c) and Local Criminal Rule 16.1(e)." The court credits the government's assertion that it will comply with the applicable rules, *Brady*, *Giglio*, and the Jencks Act. Accordingly, the court DENIES Smith's discovery motions.

II.  **Preservation of Rough Notes [DE #56]**

Smith also requests that the court order the government to preserve any rough notes of its agents pertaining to the instant case, as well as any rough notes of the

3

government's prosecutors taken during witness interviews. The government opposes the motion, stating that is aware of and will comply with its obligations to disclose such notes under *Brady*, *Giglio*, and the Jencks Act.

The Jencks Act does not generally require the production of rough notes of law enforcement agents where the notes are later incorporated into a formal statement or report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983). However, an agent's notes may be subject to production as a "statement" under the Jencks Act if a witness reads and adopts the notes. *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996). In that event, production would be required after the witness testified. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a). Moreover a prosecutor's opinions and mental impressions of the case are generally not discoverable unless they contain underlying exculpatory facts. *Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006); *see also Williamson v. Moore*, 221 F.3d 1177, 1182 (11th Cir. 2000) ("[C]ompelling reasons exist against a rule that requires opinion work product to be turned over to the opposing side."). Thus, to the extent Smith seeks pretrial disclosure of the agents' and prosecutors' notes, that motion is DENIED.

Nevertheless, a need for such notes could arise at trial. *See United States v. Gordon*, No. 7:14-CR-41-1FL, 2014 WL 5489364, at *2-3 (E.D.N.C. Oct. 30, 2014); *see also United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (noting preservation warranted because notes may contain exculpatory or impeachment evidence the disclosure of which is required). Accordingly, Smith's motion to preserve rough notes of government agents and prosecutors is GRANTED. The government is ORDERED

4

to retain the rough notes of its agents and prosecutors concerning this matter until after the exhaustion of all appeal rights.

III. Sequestration of Witnesses [DE #58]

Smith further seeks an order (1) excluding all government witnesses from the courtroom so they cannot hear the testimony of other witnesses; (2) prohibiting prospective witnesses from discussing the case with witnesses who may or have already testified; (3) prohibiting the government from discussing with witnesses the testimony of previously called witnesses; and (4) requiring that the government disclose prior communications of witnesses regarding this case.

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Furthermore, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-10F, 2013 WL 2382306, at *1 (E.D.N.C. May 30, 2013) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)). Pursuant to the rule, the government may exempt from sequestration one investigative agent involved in the criminal prosecution. *See* Fed. R. Evid. 615(b) (exempting from exclusion "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"). "Under this exception [to Rule 615], the district court may allow the government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify." *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).

5

The government does not object to sequestering witnesses other than a designated case agent for the government. Accordingly, Defendant's motion to sequester witnesses is GRANTED. Should the case proceed to trial, all of the government's witnesses, with the exception of one case agent designated by the United States, shall be sequestered throughout the trial and shall be prohibited from revealing any trial testimony to a witness that has not yet testified. Defendant's motion to prohibit the government prosecutors from discussing with witnesses the testimony of previously called witnesses and to require disclosure of prior communications of witnesses is DENIED.

## IV. Grand Jury Testimony [DE ##60 & 62]

Lastly, Smith asks for early production of grand jury material, including any perjured testimony presented to the grand jury. The government opposes Smith's motion on the grounds that Smith has not complied with this court's local rules concerning discovery motions, that pretrial disclosure of grand jury testimony is not required, and that the government is not aware of any perjured testimony presented to the grand jury. The court again credits the government's assertion that it is aware of its discovery obligations and will comply therewith. Accordingly, Smith's motions for early production of grand jury material is DENIED.

## CONCLUSION

For the foregoing reasons, the court enters the following orders:

1. Defendant's Motion for Production of Rule 404(b) Evidence [DE #53] is DENIED;

2. Defendant's Motion for Favorable Evidence (Brady Motion) [DE #54] is DENIED;

3. Defendant's Motion for Disclosure of Witness Statements (Jencks Act Motion) [DE #55] is DENIED;

4. Defendant's Motion for Order to Preserve Rough Notes & Disclosure for Inspection and Copying [DE #56] is GRANTED in part and DENIED in part on the terms set forth above;

5. Defendant's Motion for Statements of Indicted and Unindicted Co-Conspirators [DE #57] is DENIED;

6. Defendant's Motion to Exclude Witnesses & for Disclosure of Prior Communications with Witnesses [DE #58] is GRANTED in part and DENIED in part on the terms set forth above;

7. Defendant's Motion for Production of Law Enforcement Interview Reports on Notes with Individuals Who Will Not Be Witnesses at Trial [DE #59] is DENIED;

8. Defendant's Motion to Compel Early Production of Grand Jury Testimony [DE #60] is DENIED;

9. Defendant's Motion to Compel Immediate Disclosure or Existence of Promise of Immunity, Leniency or Preferential Treatment & for Disclosure of Impeaching Information [DE # 61] is DENIED; and

10. Defendant's Motion for Release of Perjured Information to Grand Jury [DE #62] is DENIED.

This 28th day of November 2017.

KIMBERLY A. SWANK
United States Magistrate Judge