IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:17-CR-00015-M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DAVIN LAMONT SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

These matters come before the court on the Defendant's pro se motions for return of seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure [DE 176, 179[1]]. On December 1, 2022, this court ordered that the United States file a response to the motion (DE 177); however, nothing was filed and, therefore, the court issued an order for the United States to show cause why the motion should not be granted. DE 178. The court granted the government's two requests for extension of time in which to file a response, and the United States filed its response brief on August 22, 2023. DE 185. Defendant was permitted fourteen days in which to file a response to the government's brief (*see* DE 178); however, he filed neither a response nor a request for extension of time in which to do so.

Defendant seeks the return of property seized by the United States on January 31, 2017. *See* Receipt for Property, DE 176 at 2. The United States counters that Defendant has improperly filed his motion in this criminal case, since it should be adjudicated as a separate civil action.

---

[1] The motion at DE 179 is identical in all material respects, except that it is marked as Plaintiff's "second request." *See* DE 176, 179. Accordingly, the court will refer to these motions as a single "motion."

Alternatively, the government argues that Defendant is not entitled to the return of a majority of the property in its custody and certain other property is not in its custody, but will send a letter to Defendant "informing him of the procedures for designating a family member or other person to retrieve [non-contraband] items from FBI should he so choose." DE 185 at 5.

The Fourth Circuit has ruled that a motion filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure is a separate "civil action," subject to applicable filing fees. *United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000).[2] Thus, the court is authorized to deny the present motion without prejudice for the Defendant's failure to file the motion as a separate civil action.

However, in light of the motion's age and in the interests of judicial economy and efficiency,[3] the court will address the merits of the motion as currently filed. Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."[4] *United States v. Johnson*, 683 F. App'x 241, 248 (4th Cir. 2017) (quoting Fed. R. Crim. P. 41(g)). "A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.'" *Soza*, 599 F. App'x at 70 (quoting *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008)). Further, if the United States has neither actual nor constructive possession of the property that is the subject of a Rule 41(g) motion, it is not the proper party to an action for return of the property. *United States v. Gomez*, 382 F. App'x 344, 345 (4th Cir. 2010). Finally, "[t]he doctrine of sovereign

---

[2] In 2000, a motion for return of seized property was governed by Rule 41(e) of the Federal Rules of Criminal Procedure. *See United States v. Soza*, 599 F. App'x 69, 70 n.* (4th Cir. 2015).
[3] This includes consideration of the Defendant's ability to pay the requisite filing fee and the likely submission of an application pursuant to 28 U.S.C. § 1915. *See* DE 4, 5.
[4] As the Defendant fails to demonstrate any "unlawful search and seizure of property" in this case, the court assumes (as does the government, apparently) that Defendant argues he was "deprived" of the seized property.

2

immunity precludes courts from awarding compensatory damages on a Rule 41(g) motion" and, thus, any request for such damages should be dismissed. *United States v. Zater*, 711 F. App'x 187, 188 (4th Cir. 2018) (citing *Jones*, 225 F.3d at 470).

The United States has sorted the list of seized property into four groups: (1) firearms and ammunition; (2) other contraband (e.g., drugs and drug paraphernalia); (3) non-contraband items; and (4) an item seized by a different governmental entity. The government argues, and the court agrees, that Defendant is not entitled to return of the property listed in groups (1) and (2). As a convicted felon, Defendant may not lawfully possess firearms and/or ammunition (*Soza*, 599 F. App'x at 70) and he has not otherwise established that he was the actual owner of these seized items (*see* Declaration ¶ 3, DE 185-1). With respect to the items in group (2) (i.e., containers of "plant material" and pills (later determined to be controlled substances (*see* Declaration ¶ 2, DE 185-1)), and digital scales), Defendant was convicted of, and is currently incarcerated on, gun and drug charges from 2016-2017, and the government is not required to return any such seized contraband (*Soza*, 599 F. App'x at 70; *see also* 18 U.S.C. § 983(a)(1)(F)).

Regarding the "dirt bike" listed in group (4), the United States contends, without rebuttal, that it is in the custody of the Brunswick County Sheriff's Office, not the United States or any of its agencies. *See* DE 176 at 3. Thus, the United States is not a proper party to a Rule 41(g) action seeking return of the dirt bike. *Gomez*, 382 F. App'x at 345. To the extent that Defendant requests compensation for the value of any of the items listed and not returned, the court lacks jurisdiction to grant such request. *Zater*, 711 F. App'x at 188.

Finally, with respect to the items listed in group (3) (i.e., gloves, shirt, cloth bag, cellular telephone, driver's license, and social security card), the court agrees that Defendant may not be permitted to possess such items while incarcerated and accepts the government's suggestion for

3

notifying Defendant how he may arrange for the retrieval of this property by a non-incarcerated individual.

THEREFORE, Defendant's pro se motion for return of seized property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure [DE 176, 179] is GRANTED IN PART AND DENIED IN PART as set forth herein. The United States is ORDERED to send Defendant a letter, on or before September 22, 2023, informing him of the procedure(s) for designating a family member or other person to retrieve the items listed in group (3) from the Federal Bureau of Investigation, should he so choose.

SO ORDERED this 11th day of September, 2023.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE