IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:17-CR-00015-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVIN LAMONT SMITH,

    Defendant.

ORDER

These matters come before the court on Defendant's pro se motion for compassionate release [DE 189]; his counseled memorandum in support of the motion (DE 196); Defendant's pro se motion "to reopen the § 2255 [proceeding] and reset the deadline for appeal" [DE 192]; and the United States' responses in opposition to both motions (DE 199, 200).[1] For the reasons that follow, Defendant's motions are denied.

## MOTION FOR COMPASSIONATE RELEASE

### I. Background

Defendant was originally charged via a criminal complaint on January 30, 2017. DE 1. A grand jury sitting in the Eastern District of North Carolina returned an indictment charging Defendant on February 22, 2017; however, the operative six-count superseding indictment, returned on March 22, 2017, charged Defendant with conspiracy to distribute and possess with intent to distribute cocaine (Count 1), distribution and possession with intent to distribute cocaine

---

[1] Defendant also filed a "supplement" in support of the motion (DE 201), which actually asserts arguments not raised in the original motion. The court finds these arguments were either waived or raised and addressed at the time of sentencing (criminal history scoring) or are too vague for the court to determine whether they have merit (drug weight calculation).

on four dates (Counts 2 through 5), and possession of a firearm and ammunition by a felon (Count 6). DE 12, 18. The United States filed a notice of intent to seek enhanced penalty pursuant to 21 U.S.C. § 851. D.E. 30. Without an agreement, Defendant pled guilty to Counts 2 through 5 on April 11, 2018. DE 81.

On September 12, 2018, the Honorable Malcolm J. Howard sentenced Defendant to 216 months' imprisonment and six years on supervised release. DE 104, 112. On appeal, the Fourth Circuit granted the United States' motion to remand the matter for resentencing to address a *Simmons* error, and the court resentenced Defendant to 188 months' imprisonment. DE 120, 135, 136. Defendant currently is housed at FCI Hazelton with an anticipated release date of July 15, 2030. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, last visited Feb. 14, 2025.

Upon the filing of the present pro se motion, the court appointed counsel to represent Defendant, and Nadine Guirguis entered her appearance on November 20, 2023. DE 190, 191. The court granted Defendant an extension of time in which to file a memorandum in support of the motion, and counsel filed the memorandum on March 4, 2024. DE 193, 196. Defendant argues that "[t]he abuse inflicted on [Defendant] by BOP employees creates [extraordinary and compelling] circumstances" under the 2023 amendments to the sentencing guidelines. DE 196 at 3, 5-8 (citing U.S.S.G. 1B1.13(b)(4)).[2]

---

[2] In the pro se motion, Defendant also argues that he was charged with a predicate offense that no longer qualifies for career offender status and that he received 188 months' imprisonment for only two grams of powder cocaine. *See* DE 189 at 5. However, these arguments were not pursued in the counseled memorandum.

2

Case 7:17-cr-00015-M    Document 202    Filed 02/21/25    Page 2 of 13

The United States filed a response in opposition on March 25, 2024, arguing that Defendant's claimed injury, a dislocated shoulder, was self-imposed prior to the alleged "abuse" incident and that the incident was investigated and Defendant was found to have violated an officer's direct order not to destroy evidence of contraband. Additionally, the United States contends that, even if Defendant had demonstrated an extraordinary and compelling reason, consideration of the § 3553(a) factors weighs against supporting a sentence reduction in this case. *Id.*

Although provided the opportunity to do so, Defendant did not file a reply brief. In reaching its determination not to exercise its discretion to reduce Defendant's sentence, the court has considered all of the filed documents.

## II. Legal Standards

For a motion seeking relief under § 3582(c)(1)(A), a district court in its discretion may reduce a defendant's term of imprisonment if: (1) the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring such motion on the defendant's behalf *or* the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier; and (2) the court finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i);[3] *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). In deciding to reduce a sentence based on extraordinary and compelling reasons, the court must consider the factors set forth in section 3553(a), to the extent applicable,

---

[3] Alternative grounds for a sentence reduction, inapplicable here, are outlined in § 3582(c)(1)(A)(ii) (listing that the defendant be at least seventy years old, served at least thirty years in prison, and have a BOP determination that he is not a danger to the safety of any other person or the community).

3

and determine that a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission ("Sentencing Commission"). 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Kibble*, 992 F.3d 326, 331 (4th Cir.), *cert. denied*, 142 S. Ct. 383, 211 L. Ed. 2d 204 (2021).

In the November 2023 manual applicable to this case, the Sentencing Commission adopted a new policy statement, outlining a non-exhaustive list of circumstances that constitute extraordinary and compelling reasons for compassionate release.[4] *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023). In addition, the new statement incorporates relevant sections of the First Step Act, including the amendment to Section 3582 which provides defendants with direct access to the courts. *Id.* In this case, Defendant argues that § 1B1.13(b)(4), titled, "Victim of Abuse," applies to support his request for a sentence reduction.

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing that such relief is warranted. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). The court may deny a defendant's motion based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist. *See*

---

[4] Notably, prior to the 2023 amendment, the Fourth Circuit determined that § 1B.13, while "helpful guidance," was not directly applicable to a motion for sentence reduction, because it was issued prior to, and inconsistent with, elements of the First Step Act. *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020). The appellate court also determined that "the district court may consider *any* extraordinary and compelling reasons raised by the defendant as well as review § 1B1.13 to determine whether there is a sufficient 'extraordinary and compelling circumstance' warranting a sentence reduction." *United States v. Jenkins*, 22 F.4th 162, 169–70 (4th Cir. 2021); *see also McCoy*, 981 F.3d at 284 ("district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'") (citation omitted) (emphasis in original). Here, Defendant relies specifically on the 2023 amended policy statement.

4

*Kibble*, 992 F.3d at 331-32. Notably, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

### III. Analysis

Based on the requirements of § 3582(c)(1)(A), the court must consider (1) whether Defendant exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reason(s) exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

#### A. Timeliness

The Fourth Circuit has determined that the requirement to exhaust administrative remedies prior to filing a motion under § 3582(c)(1)(A) is "non-jurisdictional, and thus waived if it is not timely raised." *Muhammad*, 16 F.4th at 129 (citing *United States v. Marsh*, 944 F.3d 524, 529 (4th Cir. 2019)). Defendant contends that he submitted a request to his warden seeking compassionate release on October 25, 2023, as required by statute and the applicable BOP policy, but never received a response. *See* DE 189-2 at 11-14. The United States does not raise this issue as a defense and, therefore, the requirement is waived.

#### B. Extraordinary and Compelling Reason Under § 3582(c)(1)(A)

Section 1B1.13(b) sets forth the Sentencing Commission's list of extraordinary and compelling reasons on which defendants may seek a sentence reduction under § 3582(c)(1)(A). Relevant here, section 1B1.13(b)(4) provides:

> (4) Victim of Abuse.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> ***

> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. § 1B1.13(b)(4)(B). Defendant contends that, on November 18, 2022, as he exited the "chow hall" at FCI Hazelton, an officer called him over for a "pat search" and when he believed the officer finished the search, Defendant turned to look at the officer. DE 189-2 at 13. The officer then pushed Defendant so hard he almost fell down. *Id.* Defendant was sent to a lieutenant's office where three additional officers apparently had Defendant on the ground and "kneed" him in the ribs and/or applied pressure to keep him down by leaning with their knees, hands or feet on his head, neck, and left shoulder for ten minutes. *Id.* Defendant asserts that he had difficulty breathing and that he "was in a lot of pain" due to a recent dislocation of his left shoulder. *Id.*; *see also* DE 197 at 1. According to Defendant, this incident demonstrates he was a victim of abuse entitled to a sentence reduction under § 1B1.13(b)(4). Specifically, Defendant asserts that FCI Hazelton's known history of inmate abuse establishes that Defendant is "in imminent danger" at the facility or, alternatively, that he has established circumstances similar in gravity to those in § 1B1.13(b)(4) (*see* § 1B1.13(b)(5)).

The United States counters that an investigation into the incident resulted in a finding and infraction against Defendant for destroying or disposing of an item during a search or attempted search. *See* DE 200-1 at 1. According to the government, two officers conducted a visual search

6

Case 7:17-cr-00015-M   Document 202   Filed 02/21/25   Page 6 of 13

of Defendant on November 18, 2022, and one of them directed Defendant not to reach for anything, but Defendant reached behind him and pulled out what appeared to be a piece of paper wrapped in toilet paper, stuck it in his mouth, and began chewing. DE 200-2 at 3. The officers continued to order Defendant to stop all movement, but Defendant refused. *Id.* Officers then took Defendant to the ground and placed him in restraints to prevent Defendant from destroying anything else. *Id.* Defendant was "dry celled" for three days, but nothing was recovered. *Id.* A discipline hearing officer ("DHO") found no reason to doubt the truthfulness of the officers' reports, discounted the argument that nothing passed from Defendant's body after three days, and concluded that Defendant committed the infraction. *Id.* The DHO also noted that Defendant's "allegations of staff misconduct … were reported to the appropriate investigative official." *Id.* at 2.

The United States argues that Defendant's November 2022 conduct is consistent with his pattern of behavior while incarcerated, including "26 disciplinary infractions while in custody for two counts of threatening bodily harm, twelve counts of refusing to obey an order, three counts of being insolent to a staff member, three counts of being absent from assignment, two counts of refusing to work, two counts of possessing an unauthorized item, being unsanitary or untidy, and fighting with another person." DE 200 at 11. The court notes, however, that these infractions occurred during a prior period of incarceration spanning 2002-2010. *See* DE 200-1.

The court finds that, even taking Defendant's allegations as true, the November 2022 incident does not support Defendant's argument that he is a "victim of abuse" as described in § 1B1.13(b)(4). To invoke the section, Defendant must establish that he suffered "serious bodily injury" as defined in § 1B1.1:

> (M) "Serious bodily injury" means injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty;

7

or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation.

U.S.S.G. § 1B1.1, app. n.1(M) (2024). While the medical records reflect that Defendant suffered the dislocation of his left shoulder on October 22, 2022, after he fell while trying to perform an "upside down push-up," he was assessed upon returning from the emergency department, at which his shoulder had been re-placed, and found to be in no distress or pain. DE 197 at 6. Nearly four weeks later, a record dated November 18, 2022, the date of the incident, shows that medical personnel examined Defendant "immediately" after the use of force and found Defendant to be in "no apparent distress," "no signs of deformity," and "no other injuries to head, face, neck, chest, abdomen, back, BUE or BLE." DE 197 at 4-5.

Defendant returned to medical on November 30, 2022, complaining of left shoulder pain and was referred to an orthopedist (DE 197 at 2-3), with whom he met on December 30, 2022 (*id.* at 13-14). Defendant reported that he had "dislocated his left shoulder 2 months ago" and "since that time he has been unable to move his shoulder." *Id.* The physician examined Defendant, including x-ray images, diagnosed Defendant with "adhesive capsulitis" (also known as "frozen shoulder"), and prescribed both "physical therapy and home exercises." *Id.* Nearly one year later, Defendant reported to medical personnel on October 3, 2023, that he had been prescribed physical therapy, which he never received; notably, while Defendant also complained of discomfort from athletes foot and hemorrhoids, he mentioned no discomfort with his shoulder. *Id.* at 11. Also, another record indicates that in May 2023, medical personnel "cleared" Defendant for food service employment with "no restrictions," despite the shoulder injury. *Id.* at 12.

Under these circumstances, the court finds Defendant did not suffer the "serious bodily injury" contemplated in § 1B1.1. First, while it is reasonable to believe that Defendant suffered

8

pain not only when he dislocated his shoulder but also when the officers used force, the records[5] do not reflect the sort of "extreme physical pain" necessary to invoke the section. *See United States v. Gross*, 90 F.4th 715, 723 (4th Cir. 2024) (finding victim suffered "serious bodily injury" when a gunshot caused three metal fragments to lodge near his eye, he testified it was "[p]robably one of the worst pains [he has] had," and he was treated with fentanyl for pain mitigation). Immediately after the use of force, Defendant was found to be standing in a holding cell in no apparent distress and, although he complained of "a lot of" pain on November 30, 2022, by December 30, 2022, he was not prescribed any medication for pain. Moreover, the records show that Defendant's functional impairment was not unduly protracted, in that he was cleared to work in food service "with no restrictions," despite the shoulder injury, in May 2023.

The court concludes that Defendant has failed to demonstrate an extraordinary and compelling reason to reduce his sentence.

C. Consideration of the § 3553(a) Factors

Although not required to do so,[6] the court also finds that consideration of the factors set forth in 18 U.S.C. § 3553(a) weighs against granting Defendant's motion. Section 3553(a) requires that a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." In determining whether such purposes have been fulfilled with respect to the present motion, the court should consider, *inter alia*, the nature

---

[5] Although Defendant signed his pro se motion under penalty of perjury, he mentions nothing in the motion about how he suffered from or was treated for the shoulder injury.

[6] The Fourth Circuit has instructed that a district court must consider § 3553(a) factors if it "*first* finds that 'extraordinary and compelling reasons warrant such a reduction.'" *Jenkins*, 22 F.4th at 170 ("*If* a district court finds that a defendant has demonstrated 'extraordinary and compelling reasons' for release, it must *then* consider the § 3553(a) sentencing factors 'to the extent that they are applicable'") (emphasis added).

9

and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a); *see also Jenkins*, 22 F.4th at 170.

Here, the record reflects that Defendant has seized opportunities at the BOP to enrich himself by working and completing educational classes, and the court commends Defendant for his choice to do so. However, he has committed at least four infractions (including the subject incident) during his most recent incarceration. *See* DE 200-1. Moreover, the government points out that the criminal conduct underlying Defendant's current incarceration occurred approximately only one year after a lengthy incarceration for the same or similar conduct, at which time Defendant was forty years old. Further, the court finds Defendant's offense conduct, described by Probation, significant:

> Based on the investigation [which involved surveillance, controlled purchases, and witness interviews], between April 12, 2016, and January 31, 2017, SMITH is accountable for 3,334.5 grams of cocaine, 20.38 grams of marijuana, and two Xanax pills resulting in a marijuana equivalency of 666.92 kilograms. He also possessed 3 firearms in connection with his narcotics activity [one of which was stolen] and maintained an aggravated role in the offense. Although SMITH made threatening statements regarding law enforcement officers and their families, there is no evidence to suggest the threats were credible.

PSR ¶ 15, DE 93. This conduct reflects Defendant's repeated lack of consideration for the lives and well-being of others, as well as his utter disrespect for the law. The court finds that Defendant's history and offense conduct strongly implicate the need for a sentence "to reflect the

seriousness of the offense, to promote respect for the law, to provide just punishment," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B).

In an Amended Judgment on September 10, 2019, Judge Howard sentenced Defendant to 188 months in prison. Am. J., DE 136. Defendant has served only about half of that sentence. The court has fully considered the § 3553(a) factors and concludes that the purposes of Defendant's sentence remain unfulfilled.

## IV. Conclusion

Defendant has failed to demonstrate that he is a "victim of abuse" based on the November 18, 2022 use of force incident and, thus, he has not established an extraordinary and compelling reason on which to grant a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Moreover, while Defendant has enriched himself by working and taking educational classes during his incarceration, he has continued to commit infractions during his second lengthy prison sentence. Defendant's criminal conduct resulted in a 188-month sentence, for which Defendant has not yet fulfilled the purposes set forth in 18 U.S.C. § 3553(a). However, mindful of Defendant's positive decisions and conduct, the court expresses its hope that Defendant commits to being and remaining a law-abiding citizen regardless of the court's decision on this matter. Defendant's motion for compassionate release [DE 189] is DENIED.

**MOTION TO REOPEN 2255 PROCEEDING AND RESET APPEAL DEADLINE**

Defendant asserts correctly that the Order and Judgment resolving his March 25, 2021 motion to vacate pursuant to 28 U.S.C. § 2255 was likely mailed to the wrong address, as set forth on the face of the Judgment. *See* DE 175. Defendant asks that the court re-issue its May 18, 2022 Order and Judgment to allow Defendant to appeal the ruling. The court finds Defendant fails to

11

Case 7:17-cr-00015-M    Document 202    Filed 02/21/25    Page 11 of 13

meet the requirements of Rule 4 of the Federal Rules of Appellate Procedure sufficient to grant his motion.

As noted by the government, Defendant filed a letter requesting the status of any ruling on his § 2255 motion on September 19, 2023. DE 188. The next day, the Clerk of the Court sent a copy of the Judgment to Defendant at his correct address at Hazelton FCI. *See id.* In the present motion, filed January 8, 2024, Defendant mentions nothing about when and how he received the Judgment, but references its content and docket entry number. DE 192.

Rule 4 of the Federal Rules of Appellate Procedure governs the time in which a party must file an appeal. If, as here, one of the parties is the United States, a notice of appeal must be filed within sixty (60) days after entry of a judgment. Fed. R. App. P. 4(a)(1)(B). Defendant asks to reopen the period for appeal, which is governed by Rule 4(a)(6):

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, ***but only if all the following conditions are satisfied***:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added). Thus, to succeed on his motion, Defendant must demonstrate all of the conditions set forth in subsections 4(a)(6)(A)-(C). However, even if the court were to find in his favor on subsections (A) and (C), he fails to meet the requirements in subsection (B). Defendant's motion, filed January 8, 2024, was filed well after 180 days following

the court's May 18, 2022 Judgment. Furthermore, unless otherwise explained, Plaintiff is deemed to have received a copy of the Judgment within three days after it was properly mailed to him on September 20, 2023. *See* Fed. R. Civ. P. 6(d). In accordance with the computation requirements of Rule 6 of the Federal Rules of Civil Procedure, fourteen days after September 25, 2023, was October 9, 2023.

Thus, Defendant was required under Rule 4(a)(6) to move to reopen the appeal period on or before October 9, 2023. He purportedly signed his motion on December 9, 2023; however, even if he had mailed or filed the motion that day, it would have been too late. Accordingly, Defendant's motion to reopen the appeal period for his § 2255 motion [DE 192] is DENIED.

SO ORDERED this 20th day of February, 2025.

Richard E. Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE